IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PROSPERINA VENTURES LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KEYSTONE TECHNOLOGIES, LLC,<br><br>　　　　Defendant. | Case No. 3:25-cv-2886<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Prosperina Ventures LLC ("Prosperina") by and through the undersigned counsel, hereby files this Complaint against Defendant Keystone Technologies, LLC, ("Keystone" or "Defendant") for patent infringement of United States Patent Nos. 9,222,659; 9,310,030; 9,435,528; 9,470,882; 9,651,239; and 10,107,487 (the "patents-in-suit"; attached hereto as Exhibits 1-6, respectively), and alleges as follows:

**INTRODUCTION**

1.　Prosperina owns by assignment all right, title and interest in numerous United States and foreign patents and applications, including the patents-in-suit.

2.　Defendant infringes the patents-in-suit by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, a number of its commercial products including, *inter alia*, the Keystone 26W 3500K G24 (No Ballast) Bulb, Keystone LED94P-V-850-S Bulb, Keystone A23 HID Bulb, Keystone MR16 6.5W 4000K Bulb, Keystone MR16 7W 2700K Bulb, Keystone MR16 7W 2700K (15 Degree Spot Light) Bulb, Keystone PAR38 Flood 2700K Bulb, Keystone PAR20 Flood 3000K Bulb,

Keystone PAR30S Flood 2700K Bulb, Keystone PAR38 18W 5000K 2031 Lumens Bulb, Keystone LED33PSPAR38 Bulb, and Keystone 9.5W CCT Selectable 4-Pin CFL Replacement Bulb (Collectively, the "Accused Products"). These Accused Products are marketed, offered, and distributed throughout the United States, including in this District.

3. By this action, Prosperina seeks to obtain compensation for the harm Prosperina has suffered as a result of Defendant's infringement of the patents-in-suit.

## NATURE OF THE ACTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

5. Defendant has infringed and continues to infringe one or more claims of patens-in-suit at least by making, using, selling, and/or offering to sell the Accused Products in the United States, including in this District, and/or by importing the Accused Products into the United States.

6. Prosperina is the legal owner by assignment of the patents-in-suit, which were duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Prosperina seeks monetary damages for Defendant's infringement of the patents-in-suit.

## THE PARTIES

7. Prosperina is a limited liability company organized under the laws of the State of Texas with its principal place of business at 8140 Walnut Hill Lane, Suite 615, Dallas, Texas 75231.

8. Defendant Keystone is a Pennsylvania limited liability company with its principal place of business at 2750 Morris Rd, Lansdale, Pennsylvania 19446. Additionally, Keystone maintains a regular and established place of business at 4205 McEwen Rd, Dallas, Texas 75244.

9. On information and belief, Keystone directly and/or indirectly develops designs, manufactures, distributes, markets, offers to sell and/or sells infringing products ("Accused Products") and services in this District, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION AND VENUE

10. As this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., this Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Keystone because Defendant has: (i) availed itself of the rights and benefits of the laws of the State of Texas, (ii) transacted, conducted, and/or solicited business and engaged in a persistent course of conduct in the State of Texas (and in this District), (iii) derived substantial revenue from the sales and/or use of products, such as the Accused Products, in the State of Texas (and in this District), (iv) purposefully directed activities (directly and/or through intermediaries), such as shipping, distributing, offering for sale, selling, and/or advertising the Accused Products, at residents of the State of Texas (and residents in this District), (v) delivered the Accused Products into the stream of commerce with the expectation that the Accused Products will be used and/or purchased by consumers, and (vii) committed acts of patent infringement in the State of Texas (and in this District).

12. This Court also has personal jurisdiction over Defendant because it has one or more regular and established places of business in this District.

13. For example, Defendant operates a warehouse at 4205 McEwen Rd, Dallas, Texas 75244. *See, e.g.*, Exhibit 13. On information and belief, defendant's warehouse location is a

regular and established place of business because Defendant has made permanent rather than temporary arrangements for its warehouse location. For instance, on information and belief, Defendant (i) negotiated and signed an agreement to either own or lease the warehouse, (ii) Defendant has owned or leased the warehouse for at least 4 years. *See, e.g.*, Exhibit 14.

14. Venue is proper in this District under 28 U.S.C. 1400(b) because, as noted above, Defendant has committed acts of patent infringement in this District and has one or more regular and established places of business in this District.

## PATENTS-IN-SUIT

15. On December 29, 2015, the USPTO duly and legally issued United States Patent No. 9,222,659 ("the '659 Patent") entitled "LED lamp" to inventors Nicholas William Medendorp, Jr., Randall Levy Bernard, James Michael Lay, Nathan Ray Snell, and Paul Kenneth Pickard. A true and correct copy of the '659 Patent is attached as Exhibit 1.

16. The '659 Patent is presumed valid under 35 U.S.C. § 282.

17. Prosperina owns all rights, title, and interest in the '659 Patent.

18. On April 12, 2016, the USPTO duly and legally issued United States Patent No. 9,310,030 ("the '030 Patent") entitled "Non-uniform diffuser to scatter light into uniform emission pattern" to inventors Tao Tong, Ronan Letoquin, Bernd Keller, Eric Tarsa, Mark Youmans, Theodore Lowes, Nicholas W. Medendorp, JR., Anthony van de Ven, Gerald Negley, Peter Guschl, and Zongjie Yuan. A true and correct copy of the '030 Patent is attached as Exhibit 2.

19. The '030 Patent is presumed valid under 35 U.S.C. § 282.

20. Prosperina owns all rights, title, and interest in the '030 Patent.

21. On September 6, 2016, the USPTO duly and legally issued United States Patent No. 9,435,528 ("the '528 Patent") entitled "LED lamp with LED assembly retention member" to inventor Bart Peter Reier. A true and correct copy of the '528 Patent is attached as Exhibit 3.

22. The '528 Patent is presumed valid under 35 U.S.C. § 282.

23. Prosperina owns all rights, title, and interest in the '528 Patent.

24. On October 18, 2016, the USPTO duly and legally issued United States Patent No. 9,470,882 ("the '882 Patent") entitled "Optical arrangement for a solid-state lamp" to inventor Dong Lu. A true and correct copy of the '882 Patent is attached as Exhibit 4.

25. The '882 Patent is presumed valid under 35 U.S.C. § 282.

26. Prosperina owns all rights, title, and interest in the '882 Patent.

27. On May 16, 2017, the USPTO duly and legally issued United States Patent No. 9,651,239 ("the '239 Patent") entitled "LED lamp and heat sink" to inventors Paul Kenneth Pickard, Bart P. Reier, Curt Progl, and Gerald H. Negley. A true and correct copy of the '239 Patent is attached as Exhibit 5.

28. The '239 Patent is presumed valid under 35 U.S.C. § 282.

29. Prosperina owns all rights, title, and interest in the '239 Patent.

30. On October 23, 2018, the USPTO duly and legally issued United States Patent No. 10,107,487 ("the '487 Patent") entitled "LED light bulbs" to inventors George R. Brandes and Julio A. Garceran. A true and correct copy of the '487 Patent is attached as Exhibit 6.

31. The '487 Patent is presumed valid under 35 U.S.C. § 282.

32. Prosperina owns all rights, title, and interest in the '487 Patent.

**CLAIMS FOR RELIEF**

**Count I – Infringement of United States Patent No. 9,222,659**

33.     Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

34.     Keystone (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '659 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Keystone 9.5W CCT Selectable 4-Pin CFL Replacement Bulb, and substantially similar products (collectively, the "'659 Accused Products").

35.     As just one non-limiting example, set forth in Exhibit 7 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '659 Patent in connection with one of the '659 Accused Products (e.g., the Keystone 9.5W CCT Selectable 4-Pin CFL Replacement Bulb).  This description is based on publicly available information.  Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '659 Accused Products that it obtains during discovery.

36.     Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '659 Patent.

37.     Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '659 Patent, including, without limitation, a reasonable royalty.

**Count II – Infringement of United States Patent No. 9,310,030**

38. Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of paragraphs 1-32, above.

39. Keystone (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '030 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Keystone PAR38 18W 5000K 2031 Lumens Bulb, Keystone MR16 6.5W 4000K Bulb, Keystone MR16 7W 2700K Bulb, Keystone MR16 7W 2700K (15 Degree Spot Light) Bulb, Keystone PAR38 Flood 2700K Bulb, Keystone PAR20 Flood 3000K Bulb, Keystone PAR30S Flood 2700K Bulb, Keystone LED33PSPAR38 Bulb, and substantially similar products (collectively, the "'030 Accused Products").

40. As just one non-limiting example, set forth in Exhibit 8 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '030 Patent in connection with one of the '030 Accused Products (e.g., the Keystone PAR38 18W 5000K 2031 Lumens Bulb). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '030 Accused Products that it obtains during discovery.

41. Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '030 Patent.

42. Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '030 Patent, including, without limitation, a reasonable royalty.

**Count III – Infringement of United States Patent No. 9,435,528**

43. Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of paragraphs 1-32, above.

44. Keystone (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '528 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Keystone A23 HID Bulb, and substantially similar products (collectively, the "'528 Accused Products").

45. As just one non-limiting example, set forth in Exhibit 9 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '528 Patent in connection with one of the '528 Accused Products (e.g., the Keystone A23 HID Bulb). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '528 Accused Products that it obtains during discovery.

46. Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '528 Patent.

47. Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '528 Patent, including, without limitation, a reasonable royalty.

**Count IV – Infringement of United States Patent No. 9,470,882**

48. Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of paragraphs 1-32, above.

49. Keystone (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '882 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Keystone Par38 Flood 2700K Bulb, Keystone MR16 6.5W 4000K Bulb, Keystone MR16 7W 2700K Bulb, Keystone MR16 7W 2700K (15 Degree Spot Light) Bulb, Keystone PAR20 Flood 3000K Bulb, Keystone PAR30S Flood 2700K Bulb, Keystone PAR38 18W 5000K 2031 Lumens Bulb, Keystone LED33PSPAR38 Bulb, and substantially similar products (collectively, the "'882 Accused Products").

50. As just one non-limiting example, set forth in Exhibit 10 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '882 Patent in connection with one of the '882 Accused Products (e.g., the Keystone Par38 Flood 2700K Bulb). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '882 Accused Products that it obtains during discovery.

51. Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '882 Patent.

52. Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '882 Patent, including, without limitation, a reasonable royalty.

**Count V – Infringement of United States Patent No. 9,651,239**

53. Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of paragraphs 1-32, above.

9

54. Keystone (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '239 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Keystone LED33PSPAR38 Bulb, Keystone A23 HID Bulb, and substantially similar products (collectively, the "'239 Accused Products").

55. As just one non-limiting example, set forth in Exhibit 11 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '239 Patent in connection with one of the '239 Accused Products (e.g., the Keystone LED33PSPAR38 Bulb). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '239 Accused Products that it obtains during discovery.

56. Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '239 Patent.

57. Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '239 Patent, including, without limitation, a reasonable royalty.

**Count VI – Infringement of United States Patent No. 10,107,487**

58. Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of paragraphs 1-32, above.

59. Keystone (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '487 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling

in the United States, and/or importing into the United States without authority or license, the Keystone MR16 6.5W 4000K Bulb, Keystone 26W 3500K G24 (No Ballast) Bulb, Keystone LED94P-V-850-S Bulb, Keystone A23 HID Bulb, Keystone MR16 7W 2700K Bulb, Keystone MR16 7W 2700K (15 Degree Spot Light) Bulb, Keystone PAR38 Flood 2700K Bulb, Keystone PAR20 Flood 3000K Bulb, Keystone PAR30S Flood 2700K Bulb, Keystone PAR38 18W 5000K 2031 Lumens Bulb, Keystone LED33PSPAR38 Bulb, and substantially similar products (collectively, the "'487 Accused Products").

60.     As just one non-limiting example, set forth in Exhibit 12 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '487 Patent in connection with one of the '487 Accused Products (e.g., the Keystone MR16 6.5W 4000K Bulb). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '487 Accused Products that it obtains during discovery.

61.     Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '487 Patent.

62.     Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '487 Patent, including, without limitation, a reasonable royalty.

## **JURY DEMANDED**

63.     Pursuant to Federal Rule of Civil Procedure 38(b), Prosperina hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

    a.    That judgment be entered that Defendant has infringed at least one or more claims of the patents-in-suit, directly and/or indirectly, literally and/or under the doctrine of equivalents;

    b.    An award of damages sufficient to compensate Prosperina for Defendant's infringement under 35 U.S.C. § 284;

    c.    Costs and expenses in this action;

    d.    An award of prejudgment and post-judgment interest; and

    e.    Such other and further relief as the Court may deem just and proper.

Dated: October 23, 2025

*Robert D. Katz*
Robert D. Katz
Texas Bar No. 24057936
**KATZ PLLC**
8350 N. Central Expressway, Suite 1900
Dallas, TX 75206
214.865.8000 (Telephone)
888.231.5775 (Facsimile)
rkatz@katzfirm.com

Daniel A. Kent *(to be admitted pro hac vice)*
  dankent@kentrisley.com
  (404) 585-4214
Samuel J. Najim *(to be admitted pro hac vice)*
  samnajim@kentrisley.com
  (404) 855-3866
Olivia E. Marbutt *(to be admitted pro hac vice)*
  oliviamarbutt@kentrisley.com
  (404) 855-3865
**KENT & RISLEY LLC**
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff
Prosperina Ventures LLC